**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 18 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

RYAN KITCHENS                                                              PLAINTIFF

VS.                           CASE NO. 4:23-cv- 360 - BSM

BRYANT SCHOOL DISTRICT                                        DEFENDANT

## COMPLAINT

COMES NOW THE PLAINTIFF, **RYAN KITCHENS,** by and through counsel,

**SUTTER & GILLHAM, P.L.L.C.;** and, who for his Complaint, he states:

### PARTIES AND JURISDICTION

1.      Plaintiff, Ryan Kitchens, is a resident and citizen of Saline County, Arkansas.

2.      Defendant, Bryant School District, is a school district organized under the laws of

Arkansas, in Saline County, Arkansas.

3.      This action is brought for an amount exceeding that required for diversity

jurisdiction, under the Family Medical Leave Act, the ADA, Rehab Act, and the Arkansas Civil

Rights Act.

4.      Accordingly, venue and jurisdiction is proper as the events and parties are in this

district, and there is Federal question jurisdiction.  The State law claims arise out of the same

common nucleus of operative fact, so the Court should exercise supplemental jurisdiction.

### FACTS

5.      Plaintiff became employed by Defendant in around 2020.  He had the qualifications

for his job and had no discipline or bad evaluations.

This case assigned to District Judge _Miller_

and to Magistrate Judge _Ray_

6. Plaintiff got a back injury. That back injury made various physical activities such as lifting and carrying substantially more difficult, and left him with considerable pain that made it hard to sleep and engage in activities at home such as house and yard work.

7. Defendant employed more than 50 people within 75 miles of Plaintiff's worksite during more than twenty weeks of the calendar year in 2020-2023.

8. Defendant employed more than 500 people in Arkansas during more than twenty (20) weeks of the year in 2020-2023.

9. Plaintiff had worked more than 1250 hours in the preceding year in all of 2021-2023.

10. Plaintiff disclosed to his boss that he had a back injury that impaired his ability to lift and work.

11. After he did that, his boss has accused him of lying about it, said that he could not work in this career with that injury, yelled at him, threatened his job, asked to work elsewhere, subjected him to closer supervision, gave him tasks that were worse, and harassed him. This altered the terms and conditions of his employment, deterred him from requesting accommodation, caused mental and emotional suffering, and subjected him to unnecessary physical pain.

12. Kitchens had surgery in December 2021.

13. He arranged it so that it would be during the vacation to lessen impact on the district.

14. Kitchen's boss harassed him about that.

15. He came back with restrictions and gave them to his boss.

16. Kitchens' boss forced him to work outside his restrictions.

17. This caused an injury to his back.

18.    Well before the December surgery, Kitchens had made several complaints to HR about this behavior and they did nothing, permitting a hostile work environment to continue and denying accommodation.

19.    Kitchens more than once has requested transfer to and applied for a job that he is well qualified for based on review of the application, and statements of the hiring manager, that has less onerous physical duties, which he can do with reasonable accommodation and that causes him less pain than his present job.

20.    Less qualified, outside personnel have been hired for those positions.

21.    Plaintiff filed an EEOC charge.

22.    Even after the EEOC charge, accommodation was denied in that he was not allowed a transfer/hire to the aforementioned job, which he had specifically requested. Moreover this was in retaliation for his requests for accommodation and complaints of discrimination, as well as because of his disability.

23.    I am being discriminated against based on disability by denying accommodation, a hostile work environment, and being injured, and retaliated against for taking accommodation and complaining.  Plaintiff has lost wages and benefits by virtue of

24.    Plaintiff timely filed an EEOC charge less than 180 days after termination alleging disability discrimination and brings suit less than 90 days after receiving a right to sue letter and its issuance.

## COUNT I - FMLA

25.    Plaintiff incorporates by reference the foregoing, as if fully stated herein.  As a result of his conditions he has had to go on leave for treatment and recovery, of more than three (3) days, has seen a doctor regularly for well over a year, has had physical therapy, takes

prescription medications, and also takes intermittent leave to travel to and see a doctor or for PT, or for flareups.

26.     By virtue of the facts alleged herein, Defendant has retaliated and discriminated against Plaintiff in violation of the FMLA.

27.     As a result, Plaintiff has lost wages and benefits.

28.     Defendant's actions were in willful violation of the law.

## COUNT II - DISABILITY DISCRIMINATION AND RETALIATION- ACRA

29.     Plaintiff incorporates by reference the foregoing, as if fully stated herein.

30.     By virtue of the facts alleged herein, Plaintiff has been discriminated against because of his disability and in retaliation for protected activities.

31.     As a result of Defendant's actions, Plaintiff has lost wages and benefits and earning capacity, and has endured mental and emotional suffering and embarrassment.

32.     Defendant's actions were in intentional, willful, reckless, and malicious violation of Plaintiff's rights under the law.

## COUNT III - DISABILITY DISCRIMINATION AND RETALIATION- REHAB ACT AND ADA

33.     Plaintiff incorporates by reference the foregoing, as if fully stated herein.

34.     By virtue of the facts alleged herein, Plaintiff has been discriminated against because of his disability and in retaliation for protected activities, in violation of the ADA and Rehab Act.

35.     As a result of Defendant's actions, Plaintiff has lost wages and benefits and earning capacity, and has endured physical injury, and physical, mental and emotional suffering and embarrassment.

36.     Defendant's actions were in intentional, willful, reckless, and malicious violation of Plaintiff's rights under the law.

## JURY DEMAND

37.     Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF: lost wages, reinstatement or front pay, compensatory damages, punitive damages, reasonable fees and costs, all in an amount exceeding that required for diversity jurisdiction, designation as rehirable, a positive reference, cleansing of her personnel file, a public apology, appointment of a monitor, a requirement that all FMLA and disability complaints and disability discrimination complaints are kept for 7 years, declaratory relief, posting of the verdict at her worksite, a jury trial on all matters so triable, and all other appropriate relief.

Respectfully submitted,

By:    _____
Lucien R. Gillham, Esq., ARBN 99199
Luther Oneal Sutter, Esq., ARBN 95031
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys for Plaintiff
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Lucien.gillham@gmail.com
Luther.sutterlaw@gmail.com