IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RYAN KITCHENS**                                                                   **PLAINTIFF**

v.                                    **CASE NO. 4:23-CV-00360-BSM**

**BRYANT SCHOOL DISTRICT**                                              **DEFENDANT**

## ORDER

The Bryant School District's motion for summary judgment [Doc. No. 18] is granted on all of Ryan Kitchens's claims except his disability retaliation claim.

## I. BACKGROUND

Viewing the record in the light most favorable to Kitchens, the facts are as follows. Kitchens is a 31 year old former employee of the Bryant School District. Statement of Material Facts in Support of Defendant's Motion for Summary Judgment ¶ 1, Doc. No. 20 ("Dist. SOF"); Plaintiff's Response to Defendant's Material Facts in Support of Defendant's Motion for Summary Judgment ¶ 127, Doc. No. 33 ("Kitchens SOF Resp."). He was employed as a maintenance worker from July 2020 until September 2023 and as an instructional paraprofessional from September 2023 until August 2024, when his employment ended. Dist. SOF ¶¶ 2, 12.

Shortly after Kitchens was hired, he began experiencing back issues related to a herniated disk. Kitchens SOF Resp. ¶ 212. His initial back issues were not caused by his employment with the district. *Id.* Kitchens had considerable pain that made it hard for him to engage in activities at home and at work. Am. Compl. ¶ 6, Doc. No. 14. Bob Padgett was

Kitchens's supervisor from July 2020 until Padgett retired in the summer of 2022. Dist. SOF ¶¶ 39, 43. Padgett accused Kitchens of lying about his back. Padgett also said that Kitchens could not work in maintenance with that injury, yelled at him, threatened his job, asked him to work elsewhere, subjected him to closer supervision, gave him tasks that were worse, and harassed him. Am. Compl. ¶¶ 10–11.

After back surgery in December 2021, Kitchens returned to work with restrictions, of which he informed Padgett. *Id.* ¶ 15. Padgett forced him to work outside his restrictions, which caused him to re-injure his back. *Id.* ¶¶ 16–17. Kitchens states that he was forced to carry a ladder on his first day back to work. Dist. SOF ¶ 206. He also says that, a month later, he was forced to shovel ice after a storm. *Id.* ¶ 207. Kitchens filed a workers' compensation claim in April 2022 but it was denied because his back injury was not a result of his employment with the district. *Id.* ¶¶ 208, 217–18. Although Kitchens's back surgeon states that an MRI shows no indication of re-herniation of his disk or a re-injury, Deposition of James Mason, M.D. 23:24–24:5, Doc. No. 31-5, Kitchens "believe[s] [his pain management specialist] would testify that shoveling ice and carrying a ladder are the reasons for [his] current condition." Affidavit of Ryan Kitchens ¶ 36, Doc. No. 32-1.

Kitchens applied for, but was denied, a field support technician position on four occasions between August 2021 and June 2023. Dist. SOF ¶ 453. The district states that Kitchens was not hired because he was never the most qualified applicant and because Kitchens was unable to perform the essential functions of that job. *Id.* ¶¶ 454, 532. Instead, as an accommodation, the district placed Kitchens in an instructional paraprofessional

2

position. *Id.* ¶ 561. The district initially allowed Kitchens to keep the same salary as his maintenance worker position, but it eventually lowered his salary to the standard salary for the instructional paraprofessional position. *Id.* ¶¶ 562, 570.

Kitchens's back issues have never been resolved. During Kitchens's time with the district, he missed approximately 37% of his working days as a maintenance worker and 34% of his working days as an instructional paraprofessional. *Id.* ¶¶ 97, 100. Kitchens exhausted his paid leave and was given unlimited unpaid leave on an as-needed basis. *Id.* ¶¶ 101–02.

Kitchens is suing the district for discrimination and retaliation under the Family and Medical Leave Act ("FMLA"), Americans with Disability Act ("ADA"), Rehabilitation Act, and Arkansas Civil Rights Act ("ACRA"). Kitchens also claims that the district failed to accommodate his disability, engage in an interactive process, and subjected him to a hostile work environment. The district denies all allegations and moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487

F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

The district's motion for summary judgment is granted on all of Kitchens's claims except his disability retaliation claim.

    A.    <u>FMLA Claims</u>

Summary judgment is granted on Kitchens's FMLA claims.

#### 1. Entitlement

To succeed on his FMLA entitlement claim, Kitchens must prove: (1) he was eligible for FMLA leave; (2) the district was on notice of his need for FMLA leave; and (3) the district denied him benefits to which he was entitled under the FMLA. *Evans v. Cooperative Resp. Ctr., Inc.*, 996 F.3d 539, 548 (8th Cir. 2021). Summary judgment is granted on this claim because Kitchens has failed to show that the district denied him benefits to which he was entitled under the FMLA. *See* Br. Supp. Def.'s Mot. Summ. J. 30–31, Doc. No. 19; Def.'s Reply Pl.'s Resp. Mot. Summ. J. 74–76, Doc. No. 36.

#### 2. Discrimination

To succeed on his FMLA discrimination claim, Kitchens must first establish a prima facie case of FMLA discrimination by showing: (1) that he engaged in activity protected under the FMLA; (2) that he suffered a materially adverse employment action; and (3) that a causal connection existed between Kitchens's protected activity and the adverse employment action. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1007 (8th

Cir. 2012). If Kitchens establishes a prima facie case of FMLA discrimination, the district must provide a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the district meets its burden, Kitchens must show that the district's reason is merely pretext for discrimination. *Id.*

Summary judgment is granted on Kitchens's FMLA discrimination claim because he has failed to establish a prima facie case of discrimination. This is true because Kitchens has not shown a causal connection between his FMLA leave and an adverse employment action. Indeed, Kitchens is unable to explain how his FMLA rights were violated. Deposition of Ryan Kitchens 54, Doc. No. 21 (ECF pagination) ("Kitchens Dep."). The record reflects that Kitchens's claims focus on the district's handling of his work restrictions and not on the district's handling of his medical leave.

### 3. Retaliation

To succeed on his FMLA retaliation claim, Kitchens must first establish a prima facie case by showing that he exercised rights afforded by the FMLA, that he suffered an adverse employment action, and that there was a causal connection between his exercise of rights and the adverse employment action. *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 832 (8th Cir. 2002). Summary judgment is granted on Kitchens's FMLA retaliation claim for the same reason that it is granted on his discrimination claim; he has not established a prima facie case of FMLA retaliation.

B.   Disability Claims

Summary judgment is granted on Kitchens's disability discrimination claim and

denied on his disability retaliation claim.

### *1. Discrimination*

To succeed on his disability discrimination claim, Kitchens must first establish a prima facie case of disability discrimination by showing: (1) that he was a disabled person as defined by the ADA; (2) that he was qualified to perform the essential functions of his job; and (3) that he suffered an adverse employment action because of his disability. *Higgins v. Union Pac. R.R. Co.*, 931 F.3d 664, 669 (8th Cir. 2019). If Kitchens establishes a prima facie case of discrimination, the district must present a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the district meets its burden, Kitchens must show that the district's reason is merely pretext for discrimination. *Id.*

Summary judgment is granted on Kitchens's disability discrimination claim because he has failed to establish a prima facie case. This is true because he is not a qualified individual with a disability. Specifically, "a person who cannot perform any of the functions of a job, with or without reasonable accommodation, cannot, as a matter of law be considered 'otherwise qualified' under the ADA." *Peyton v. Fred's Stores of Ark., Inc.*, 561 F.3d 900, 903 (8th Cir. 2009). One of the functions of Kitchens's job was regular attendance. Kitchens Dep. 135. The record shows that Kitchens was never able to perform this function of his job, with or without reasonable accommodation. Thus, Kitchens is not a qualified individual with a disability. *See Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 544 (8th Cir. 2018) (the Eighth Circuit has "consistently stated that regular and reliable attendance is a necessary element of most jobs") (internal quotation omitted); *Pickens v. Soo Line R.R. Co.*,

264 F.3d 773, 777 (8th Cir. 2001) ("An employee who is unable to come to work on a regular basis is unable to satisfy any of the functions of the job in question, much less the essential ones.") (cleaned up); *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1048 (8th Cir. 1999) (for employee to show that he or she can perform the essential functions of his or her job, as required for employee to be qualified individual under ADA, employee must show that he or she is at least able to show up for work); *see also Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.*, 444 F.3d 961, 966–67 (8th Cir. 2006) (employee who was absent from the workplace approximately 40% of scheduled work days prior to his discharge was unable to perform his job with or without reasonable accommodations, as required to establish prima facie disability discrimination claim).

Moreover, Kitchens's allegation that the district caused a re-injury of his back cannot be brought against the district in a disability discrimination lawsuit. *See White v. NCL Am., Inc.*, No. 05-22030-CIV, 2006 WL 1042548, at *5 (S.D. Fla. Mar. 8, 2006) ("While protection from injury for the disabled is no doubt a fortunate by-product of the ADA, it is clear that the statute was not designed with that purpose in mind . . ."). That type of claim should be brought in a workers' compensation suit or in an action for tort. *See Smith v. Blue Cross Blue Shield of Kan., Inc.*, 102 F.3d 1075, 1077–78 (10th Cir. 1996) (remedy for personal injury lies in tort or pursuant to workers' compensation, not in ADA); *McEwen v. UPMC Shadyside Presbyterian Hosp.*, No. 2:09-CV-1181, 2010 WL 4879195, at *7 (W.D. Pa. Nov. 23, 2010) (plaintiff could not recover under ADA for personal injuries allegedly caused by employer in work assignment given that left him unable to sit down and in which

he experienced difficulties with the amount of standing); *Bertinetti v. Joy Mining Machinery*, 231 F. Supp. 2d 828, 835 (S.D. Ill. 2002) (to the extent that employee was attempting to raise a personal injury claim for exacerbation of his condition or for injuries sustained on the job, employee's remedy lay in tort or pursuant to workers' compensation, not in ADA).

### 2. Retaliation

A handicapped person may, however, bring an ADA retaliation claim, even if he is determined not to be ADA disabled, if he had a good faith belief that his requested accommodations were appropriate. *Heisler v. Metropolitan Council*, 339 F.3d 622, 632 (8th Cir. 2003). To succeed on his disability retaliation claim, Kitchens must show: (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) a causal connection between the two. *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016). If Kitchens establishes a prima facie case of disability retaliation, the district must offer a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the district meets its burden, Kitchens must show that the district's reason is merely pretext for discrimination. *Id.*

Summary judgment is denied on Kitchens's disability retaliation claim for several reasons. First, Kitchens engaged in statutorily protected activity when he requested accommodations for his back issues. *See Mestas v. Town of Evansville, Wyo.*, 786 F. App'x 153, 157 (10th Cir. 2019) (request to be excused from shoveling snow due to back issues protected under ADA). Second, when all inferences are drawn in his favor, a reasonable jury could find that the district took adverse employment actions against Kitchens. *See Fox v.*

*Gen. Motors Corp.*, 247 F.3d 169, 179 (4th Cir. 2001) (employee subject to work restrictions because of back injury who was consistently berated and required to perform tasks beyond his medical restrictions suffered an adverse employment action under the ADA). Third, based on Kitchens's testimony, a reasonable jury could find that there was a causal connection between his statutorily protected activity and the claimed adverse employment actions he suffered. Fourth, a reasonable jury could find that the district's reasons for its adverse employment actions, such as that Padgett could not remember Kitchens's restrictions and that Padgett told Kitchens not to do anything he could not do, *see* Affidavit of Bob Padgett ¶¶ 5, 21, Doc. No. 18-10, are pretextual.

    C.    <u>Failure to Accommodate</u>

To succeed on his failure-to-accommodate claim, Kitchens "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). As set forth in Section III.B.1 above, Kitchens cannot establish a prima facie case of discrimination based on disability because he is not a qualified individual with a disability. Additionally, the district's denial of Kitchens's requests to be put in a field support technician position and its reassignment of Kitchens to an instructional paraprofessional position did not run afoul of the ADA. *See Cravens v. Blue Cross & Blue Shield of Kan. City*, 214 F.3d 1011, 1019 (8th Cir. 2000) ("An employer may reassign an employee to a lower grade and paid position if the employee cannot be accommodated in the current position and a comparable position is not available. Further, the employer is not obligated to provide the accommodation requested

9

or preferred by the employee; the reassignment need only be a reasonable accommodation.") (cleaned up). Accordingly, summary judgment is granted on Kitchens's failure-to-accommodate claim.

D.  Failure to Engage in an Interactive Process

Summary judgment is granted on Kitchens's failure to engage in an interactive process claim because "there is no per se liability under the ADA if an employer fails to engage in an interactive process." *Id.* at 1021. Even if there is the potential for liability, the district was not required to engage in an interactive process because Kitchens was not ADA disabled.

E.  Hostile Work Environment

To succeed on his hostile work environment claim, Kitchens must show that: (1) he is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and his protected group status; and (4) the harassment affected a term, condition, or privilege of employment. *Heese v. Avis Rent A Car Sys., Inc.*, 394 F.3d 624, 629 (8th Cir. 2005). Summary judgment is granted on Kitchens's hostile work environment claim because he was not protected by the ADA. Indeed, "[n]o matter how 'unjustified or egregious' the hostile behavior is, there must also be 'some linkage between the hostile behavior and the plaintiff's membership in a protected class' for a [hostile work environment] claim to be supported." *Kilby-Robb v. Duncan*, 210 F. Supp. 3d 150, 163 (D.D.C. 2016) (quoting *Na'im v. Clinton*, 626 F. Supp. 2d 63, 73 (D.D.C. 2009)); *see Ramage v. Rescot Sys. Grp., Inc.*, 834 F. Supp. 2d 309, 328 (E.D. Pa. 2011) (employee was

not a qualified individual with a disability under the ADA, thus precluding employee's hostile work environment claim based on disability discrimination).

## IV. CONCLUSION

For the foregoing reasons, the district's motion for summary judgment is granted on all of Kitchens's claims except his disability retaliation claim.

IT IS SO ORDERED this 9th day of October, 2024.

_____
UNITED STATES DISTRICT JUDGE